UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAYVONE SMITH,

    Plaintiff,

v.

S SADIGHI, et al.,

    Defendants.

Case No. 14-cv-03337-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California prisoner currently incarcerated at Kern Valley State Prison, brings the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against staff at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. Plaintiff alleges that defendants PBSP Correctional Officers S. Sadighi and J. Goodman and PBSP Sergeant Traylor failed to take plaintiff seriously when notified that plaintiff was suicidal. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police

1   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Claim for Deliberate Indifference to Serious Medical Need

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In the portion of the complaint where the inmate is to write his statement of the claim, plaintiff wrote:

> On April 11, 2013, I informed custody staff I was suicidal but they failed to perform their duties. I informed C/O Goodman I was suicidal and was informed mental health staff would be called. I

2

> jumped off the desk and struck his [sic] head on the concrete. Mental health staff failed to take me seriously so I jumped again. Staff failed to properly perform their duties which are [sic] a violation of my rights. Staff action constitute [sic] misconduct.

(Compl. at 3.)

Plaintiff's allegations, even liberally construed, are insufficient to state a claim for deliberate indifference to his serious medical needs. Specifically, accepting as true that plaintiff had an objectively, sufficiently serious medical need, the complaint does not allege any facts suggesting that defendants acted with deliberate indifference. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. As to defendant Goodman, plaintiff alleges only that Goodman informed plaintiff that mental health staff would be called. The allegations do not show deliberate indifference by Goodman. As to defendants Sadighi and Traylor, plaintiff adds no facts whatsoever linking them to his allegations of wrongdoing.

Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how each named defendant was deliberately indifferent to plaintiff's serious medical needs, if he can truthfully do so. In his amended complaint, plaintiff must allege specific facts showing what each defendant did or failed to do that amounted to deliberate indifference to his medical needs. Plaintiff must also specify: (1) the location of the incident, and (2) any injuries or other damages he suffered as a result of the incident. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Finally, plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

3

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **thirty (30)** days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order (14-3337 JST (PR)) and the words AMENDED COMPLAINT on the first page.  **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.**  The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: 10/28/14

_____
JON S. TIGAR
United States District Judge