UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAYVONE LARRY SMITH,
    Plaintiff,

v.

S. SADIGHI, et al.,
    Defendants.

Case No. 14-cv-03337-JST (PR)

**ORDER OF SERVICE**

## INTRODUCTION

On July 23, 2014, plaintiff, a California prisoner currently incarcerated at Kern Valley State Prison, brought the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against staff at Pelican Bay State Prison (PBSP), where he was previously incarcerated. Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff claims that defendants PBSP Correctional Officers S. Sadighi and J. Goodman and PBSP Sergeant M. Traylor failed to take plaintiff seriously when plaintiff notified them that he was suicidal. Specifically, his amended complaint alleges the following:

On April 11, 2013, while housed at the PBSP Segregated Housing Unit, plaintiff informed Goodman that he was feeling suicidal and hearing voices. Goodman told plaintiff to wait until he finished his count after which he would return to talk to plaintiff. After Goodman walked away, plaintiff proceeded with his first suicide attempt by jumping off a concrete desk and hitting his head on the metal toilet. He then got up and jumped again. Upon hearing the sound of the first impact, Goodman returned to plaintiff's cell in time to witness the second suicide attempt.

1  Goodman left again, and plaintiff proceeded with a third and fourth suicide attempt – again
2  jumping from the concrete desk and hitting his head on the metal toilet.

3  When Goodman returned, he was accompanied by Sadighi, who asked "What seems to be
4  the problem?" Plaintiff told Sadighi that he was feeling suicidal and hearing voices. Sadighi
5  instructed Goodman to finish his count while he monitored plaintiff. Goodman finished his count
6  and returned to plaintiff's cell. Sadighi then told Goodman to monitor plaintiff while he went to
7  inform the Mental Health Department. Sadighi left and returned with Mental Health officers.
8  Plaintiff informed the Mental Health officers that he was feeling suicidal. The officers looked at
9  plaintiff and sighed, at which point plaintiff proceeded with his fifth and sixth suicide attempts.

10  Plaintiff got up from the ground feeling light-headed and dazed but nonetheless proceeded
11  to attempt another jump. At that point, the Mental Health officers told the custody officers, "This
12  is an emergency." Sadighi then stated, "Okay Guy. You proved your point. Cuff up."

13  Plaintiff was escorted to the CTC. En route, he was taken to Sgt. Traylor who asked
14  "What happened?" Plaintiff was unable to speak, so Goodman and Sadighi informed Sgt. Traylor
15  of what had happened. Plaintiff then proceeded to the CTC. As a result of his suicide attempts, he
16  sustained injuries to the right side of his head and right hip area. He could not move the right side
17  of his body. At the CTC he was placed on psychiatric medication.

## DISCUSSION

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

2

statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials

3

violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

Giving it the liberal construction to which it is entitled, the pro se amended complaint states a cognizable claim for deliberate indifference to serious medical needs against defendants Goodman and Sadighi. Plaintiff has failed to present sufficient allegations linking defendant Traylor to any constitutional violation; therefore he will be dismissed from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against defendant Traylor are DISMISSED. Dismissal is without leave to amend because plaintiff has been given an opportunity to amend this claim and it appears that further amendment would be futile. The Clerk shall terminate defendant Traylor from the docket in this action.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 9), and a copy of this order upon **Correctional Officer J. Goodman** and **Correctional Officer S. Sadighi** at **Pelican Bay State Prison**.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir.

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again

---

2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

1 concurrently with a motion for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

2     5.    All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    8.    Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

    9.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  February 27, 2015



JON S. TIGAR
United States District Judge